[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-16277
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2010
JOHN LEY
CLERK

D. C. Docket No. 09-00065-CR-J-34-TEM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD LEWIS ROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 30, 2010)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Donald Lewis Ross appeals his sentence of 77 months of imprisonment for distributing 5 grams or more of cocaine base. Ross argues that his sentence is unreasonable. We affirm.

Ross pleaded guilty to the distribution charge without the benefit of a plea agreement. The presentence investigation report described Ross's criminal history that included, over a 12-year period, convictions for multiple drug charges, domestic batteries, illegal possession of a firearm, fleeing and eluding police, resisting arrest, and driving with a suspended license. With a total offense level of 21 and a criminal history of VI, the report listed a sentencing range between 77 and 96 months of imprisonment. Ross did not object to the presentence report.

At the sentencing hearing, Ross expressed a desire to "rehabilitate [himself] while incarcerated by getting into vocational and educational skill courses, attending the drug rehabilitation program and going to the halfway house where [he could] prepar[e] himself for society." Ross requested "a sentence no longer than necessary for [him] to rehabilitate [him]self." Ross asked the district court to sentence him between 36 and 48 months of imprisonment.

The district court sentenced Ross to 77 months of imprisonment. The district court stated that it took "into account [Ross's] very significant criminal history," "the very brief period of time that passed between [Ross's] three-year

sentence" for drug and firearms convictions "and his next arrest," and the time required for Ross to complete intensive drug treatment. The district court explained that it "considered five years probably may well have been sufficient," but decided "that a [downward] variance was not appropriate . . . and that . . . sentence was insufficient" to allow Ross "sufficient time in custody to complete – to get into and complete the 500-hour drug treatment program."

The district court did not abuse its discretion by sentencing Ross at the low end of the guideline range. Ross argues that the district court based its sentence on the time required to complete a drug treatment program, but the district court stated that it selected a sentence of 77 months "for general deterrence, to convince other people who know [Ross] not to do this," to deter Ross from future similar conduct, to provide a just punishment, and to enable Ross "to complete . . . [his] educational and vocational goals." The district court correctly based its sentence in part on Ross's rehabilitation because "in determining the particular sentence to be imposed," a court is required to consider "the need for the sentence imposed . . . to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Ross's sentence is reasonable.

Ross's sentence is **AFFIRMED**.